UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | | |
|---|---|---|
| TOMMIE LEE MCDOWELL, JR., | ) | |
| | ) | |
| Plaintiffs, | ) | 3:09-CV-00315-LRH-VPC |
| | ) | |
| v. | ) | |
| | ) | ORDER |
| MR. REMINGTON, et al., | ) | |
| | ) | |
| Defendants. | ) | |

Before the court is Plaintiff Tommie Lee McDowell's motion for reconsideration (#100[1]) of this court's order (#13) denying Plaintiff's motion for appointment of counsel (#3). Defendant Richard Rimington has filed an opposition (#105), and Plaintiff has filed a reply (#109) and erratum (#111).

As noted in the court's prior order, district courts lack the authority to require counsel to represent indigent prisoners in § 1983 cases and may request the voluntary assistance of counsel under 28 U.S.C. § 1915(e)(1) only in the most serious and exceptional cases. *See Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1990); *Wood v. Housewright*, 900 F.2d 1332, 1335-36 (9th Cir. 1990).

Here, the court does not find the requisite exceptional circumstances. Even granting

---

[1] Refers to court's docket entry number.

Plaintiff's contentions regarding his limited ability to research and educate himself in the law, Plaintiff has demonstrated throughout the course of this litigation sufficient writing ability and legal knowledge to articulate his claims *pro se* in light of their insubstantial complexity.

IT IS THEREFORE ORDERED that Plaintiff's Motion for Reconsideration for the Appointment of Counsel, or in the Alternative, Motion for the Assistance of Counsel for Trial Preparation and Trial (#100) is DENIED.

IT IS SO ORDERED.

DATED this 6th day of June, 2011.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE